IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

CHASE A. TUCKER
And
JENNIFER M. TUCKER,                                    Plaintiff,

v.                                         Case No. 6:15-CV-47

PINKERTON CHEVROLET – LYNCHBURG, INC.,                 Defendant.

## ANSWER

COMES NOW the defendant, Pinkerton Chevrolet – Lynchburg, Inc. ("Pinkerton"), by counsel, and in response to Plaintiff's Complaint filed herein states as follows:

1. In response to Paragraph one (1) of the Plaintiff's Complaint, Pinkerton denies any violation of the Truth in Lending Act, 15 U.S.C. §1601, the Virginia Consumer Protection Act, actual or constructive fraud, or any other actionable claim.

2. Upon information and belief, Pinkerton admits the allegations contained in paragraph two (2) of the plaintiff's Complaint.

3. Pinkerton admits the allegations contained in paragraph three (3) of the plaintiff's Complaint.

4. Pinkerton denies the allegations contained in paragraphs four (4), five (5) and six (6) of the plaintiff's Complaint

5. Pinkerton denies the allegations contained in paragraphs seven (7), eight (8), nine (9), ten (10) and eleven (11) of the plaintiff's Complaint.

6. Pinkerton lacks sufficient information to either admit or deny the allegations contained in paragraph twelve (12) of the plaintiff's Complaint. It therefore denies same and calls for strict proof thereof.

7. Pinkerton denies the allegations contained in paragraph thirteen (13) of the plaintiff's Complaint.

8. In response to paragraph fourteen (14) of the plaintiff's Complaint, Pinkerton admits that an Auto Check report for the vehicle did not indicate any accidents. All additional, contrary or remaining allegations of paragraph fourteen (14) are denied.

9. In response to paragraph fifteen (15) of the plaintiff's Complaint, Pinkerton admits that the plaintiff's purchased the vehicle and admit that Exhibit B speaks for itself. All additional, contrary or remaining allegations of paragraph fifteen (15) are denied.

10. Pinkerton lacks sufficient information to either admit or deny the allegations contained in paragraph sixteen (16) of the plaintiff's Complaint. It therefore denies same and calls for strict proof thereof.

11. Pinkerton denies the allegations contained in paragraphs seventeen (17) and eighteen (18) of the plaintiff's Complaint.

12. Paragraph nineteen (19) does not call for any answer by defendant. However, defendant denies it engaged in "loan packing" and further denies all remaining and/or additional allegations contained in paragraph nineteen (19) of the plaintiff's Complaint.

13. Pinkerton denies the allegations contained in paragraph twenty (20), twenty-one (21) and twenty-two (22) of the plaintiff's Complaint.
14. Pinkerton admits the allegations contained in paragraph twenty-three (23) of the plaintiff's Complaint. Defendant further states it was not a requirement of this defendant or the contract in question.
15. Pinkerton denies the allegations contained in paragraph twenty-four (24) of the plaintiff's Complaint.
16. In response to paragraph twenty-five (25) of the plaintiff's Complaint, defendant states that the contract speaks for itself. Any additional or contrary allegations are denied.
17. In response to paragraph twenty-six (26) of the plaintiff's Complaint, defendant states that exhibits C & D speak for themselves. All additional or contrary allegations are denied.
18. Pinkerton denies the allegations contained in paragraphs twenty-seven (27) and twenty-eight (28) of the plaintiff's Complaint.
19. In response to paragraph twenty-nine (29) of the plaintiff's Complaint, defendant states that the contract speaks for itself. Any additional or contrary allegations are denied.
20. Pinkerton denies the allegations contained in paragraph thirty (30) of the plaintiff's Complaint.
21. Pinkerton admits the allegations contained in paragraph thirty-one (31) of the plaintiff's Complaint.

22. Pinkerton denies the allegations contained in paragraphs thirty-two (32) and thirty-three (33) of the plaintiff's Complaint as they are written. In the affirmative, Defendant states that it is legally permitted to mark up the rate provided by the bank, and that later they are paid a percentage of the total markup.

23. Pinkerton denies the allegations contained in paragraphs thirty-four (34), thirty-five (35) and thirty-six (36) of the plaintiff's Complaint.

24. Pinkerton denies the allegations contained in paragraph thirty-seven (37) of the plaintiff's Complaint as they or to the extent they are alleged to apply to this defendant.

25. In response to paragraph thirty-eight (38) of the plaintiff's Complaint, Pinkerton admits the car fax report speaks for itself. It lacks sufficient information to either admit or deny any and all remaining allegations, and therefore denies same.

26. Pinkerton denies the allegations contained in paragraph thirty-nine (39) of the plaintiff's Complaint.

27. Upon information and belief, Pinkerton admits the allegations contained in paragraphs forty (40) and forty-one (41) of the plaintiff's Complaint.

28. Pinkerton denies the allegations contained in paragraphs forty-two (42), forty-three (43), forty-four (44), forty-five (45), forty-six (46), forty-seven (47) and forty-eight (48) of the plaintiff's Complaint.

29. Paragraph forty-nine (49) of the plaintiff's Complaint attempts to state a legal conclusion that calls for no response by defendant. However, to the extent

called upon to do so, any and all allegations contained in paragraph forty-nine (49) are denied.

30. Pinkerton denies the allegations contained in paragraphs fifty (50), fifty-one (51) and fifty-two (52) of the plaintiff's Complaint.

31. In response to paragraph fifty-three (53) of the plaintiff's Complaint, defendant repeats and re-alleges the responses to paragraphs one (1) through fifty-two (52) of the plaintiff's Complaint as if fully set forth herein.

32. Pinkerton denies the allegations contained in paragraphs fifty-four (54), fifty-five (subparagraphs a & b inclusive) and fifty-six (56) of the plaintiff's Complaint.

33. In response to paragraph fifty-seven (57) of the plaintiff's Complaint, defendant repeats and re-alleges the response to paragraphs one (1) through fifty-six (56) of the plaintiff's Complaint as if fully set forth herein.

34. The allegations contained in paragraph fifty-eight (58) of the plaintiff's Complaint attempt to state a legal conclusion to which no reply is required. To the extent called upon to do so, these allegations are denied.

35. Pinkerton denies the allegations contained in paragraph fifty-nine (59)[both numbered paragraphs fifty-nine (59)], sixty (60), sixty-one (61) and sixty-two (62) of the plaintiff's Complaint.

36. In response to paragraph sixty-three (63) of the plaintiff's Complaint, defendant repeats and re-alleges the responses to paragraphs one (1) through sixty-two (62) of the plaintiff's Complaint as if fully set forth herein.

37. Pinkerton denies the allegations contained in paragraphs sixty-four (64), sixty-five (65), sixty-six (66), sixty-seven (67), sixty-eight (68) and sixty-nine (69) of the plaintiff's Complaint.

38. Pinkerton denies that it is indebted to the plaintiff in in any amount, and calls for strict proof thereof.

39. That to the extent any allegation is not specifically admitted, it is denied.

40. Pinkerton reserves its right to assert additional defenses to this cause, affirmative or otherwise, if it is later determined that such defense is available to it.

41. In the Affirmative, Defendant states that Plaintiff's cause of action numbered Second Cause of Action (VCPA) is barred by Plaintiff's First Cause of Action (TICA). See Va. Code §59.1-199(c).

WHEREFORE, the defendant, Pinkerton Chevrolet – Lynchburg, Inc., prays that this court dismiss the Complaint filed by the plaintiffs, and enter judgment in favor of the defendant, allowing them their attorney's fees and costs in this behalf expended.

PINKERTON CHEVROLET – LYNCHBURG, INC.

By _____/s/_____
Counsel

James H. Revere, III, Esquire
VSB#33757
*Counsel for Pinkerton Chevrolet – Lynchburg, Inc.*
Kalbaugh, Pfund & Messersmith, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
(804) 320-6300/Fax (804) 320-6312
E-mail: jh.revere@kpmlaw.com

## CERTIFICATE

I hereby certify that the foregoing Answer was filed using the Court's ECF system, with notice being made within that system this 12th day of January, 2015 to:

John Cole Gayle, Jr., Esquire
The Consumer Law Group, P.C.
5905 West Broad Street, Suite 303
Richmond, Virginia 23230
*Counsel for Plaintiff*

/s/
James H. Revere, III